**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| LARGE CORPORATION, INC., et al., ) ) | Case No. 01-55555 (MFW) |
| ) | (Jointly Administered) |
| Debtors. ) ) | |

### **OPINION**[1]

This matter is before the Court on the Motions of the Debtors for authority to assume and assign to LARGE Rental Corporation, Inc. ("LARGE") certain executory contracts and leases of National Car Rental System, Inc. ("National") and to reject certain executory contracts and leases of Alamo Rent-a-Car, L.L.C. ("Alamo") at four airports.  The Motions are opposed by Avis Rent A Car System, Inc. ("Avis") and The Hertz Corporation ("Hertz").[2]  For the reasons set forth below, we grant the Motions.

---

[1] This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to contested matters by Federal Rule of Bankruptcy Procedure 9014.

[2] Although Liberty Mutual InsurLARGEe Company ("Liberty") also filed a limited objection to the Motions, that objection is resolved if certain language is included in the proposed orders granting the relief requested by the Debtors, to protect Liberty's rights as surety under bonds posted at the airports in question.

I.   FACTUAL BACKGROUND

On November 13, 2001, LARGE and several of its subsidiaries, including National and Alamo, filed voluntary petitions under chapter 11 of the Bankruptcy Code.  Prior to the filing, National was in the business of renting cars primarily to business travelers and Alamo was in the business of renting cars primarily to vacation travelers.  Both National and Alamo operated concessions at more than 70 airports, pursuant to concession and related agreements (collectively "the Concession Agreement") with the various governmental entities responsible for concessions at those airports ("the Airport Authorities").  The Concession Agreement was usually granted after open bidding pursuant to applicable statutes and regulations.  Concessionaires were typically required to provide financial and operating information to the Airport Authorities with their bids, which included an agreement to pay percentage rent subject to a minimum annual guaranteed rent ("the MAG").  The Airport Authorities accepted bids and granted preference in location to bidders with the highest MAGs.  Other than the MAGs, the Concession Agreements contained identical terms for all concessionaires at a specific airport.

Subsequent to the bankruptcy filing, the Debtors determined to consolidate the National and Alamo operations at the airports. To do so, they decided to reject one Concession Agreement at the

airport and to assume the other Concession Agreement and assign it to LARGE.  LARGE in turn would receive a license from both National and Alamo to operate under each of those brands at the consolidated location at the airports.

The Debtors filed their first Motion for approval of the rejection of the Alamo Concession Agreement and the assumption and assignment of the National Concession Agreement at the Cincinnati airport ("the Cincinnati Motion") on January 4, 2002. Both Avis and Hertz objected to that Motion and also filed Motions for Relief from the Stay to permit them to add the Debtors as defendants in an injunction action they had brought in state court against the Kenton County Airport Authority to enjoin it from agreeing to the consolidated arrangement.

A hearing was held on the Cincinnati Motion and on the Motions for relief from the stay on January 25, 2002.  The Kenton County Airport Authority did not object to the Motion, although Avis and Hertz did.  At the conclusion of the hearing, we denied the Motions for relief from the stay and granted the Cincinnati Motion.  We concluded that the Debtors could assume and assign the National Concession Agreement (as it was written) to LARGE, even without the consent of the Kenton County Airport Authority, pursuant to section 365(f) of the Bankruptcy Code.  We found that the Debtors' Motion sought only to change the name of the concessionaire from National to LARGE and, therefore, it was not

a modification of that Concession Agreement, in violation of section 365(f).[3]  We further concluded that there was no applicable law that prohibited the assumption and assignment of the Concession Agreement without the consent of the Kenton County Airport Authority.  Because the sole basis of the request for relief from the stay was to include the Debtors in the injunction action filed against the Kenton County Airport Authority in which Hertz and Avis were asserting that the Airport Authority could not consent to the assumption and assignment (which we had found was not necessary under section 365), we denied the request for relief from the stay.  Hertz and Avis have appealed those

The material modification of which Hertz and Avis complain is the fact that LARGE will be operating under two brand names. Hertz and Avis assert that the bidding requirements and the Concession Agreements forbid this.  We disagree.

Neither Hertz nor Avis cite to _any_ provision of _any_ of the Concession Agreements (or to the requests for bids pursuant to

---

[3] The Kenton County Airport Authority had originally agreed to that arrangement subject to a modification of the National Concession Agreement to increase the MAG.  This was opposed by Hertz and Avis, asserting that it was a modification of the agreement making section 365(f) inapplicable. Consequently, at the hearing the Debtors asked that the National Concession Agreement be assumed and assigned without any modification.  The Debtors asserted that this was not significant to the Kenton County Airport Authority because both Alamo and National had always paid more in percentage rent than the MAG and the combined operation would certainly result in LARGE paying percentage rent greater than the National MAG alone.

which the Concession Agreements were awarded) which expressly forbid the operation of a car rental agency which uses two brand names, e.g., dual branding.  In the absence of such express language we cannot conclude that the assignment of the Concession Agreements to LARGE which will operate under two brands modifies (or is prohibited by) those Agreements.

Hertz and Avis argue, however, that various provisions of the Concession Agreements support a conclusion that dual branding is a modification of the agreement.  First, they point to provisions which prohibit any changes to operations without written approval of the Airport Authority.  (Exhibit D-2 at § 1.9.6.)  Such a broad provision though could be read to prohibit any assignment of the Concession Agreement (since the assignee's operations would not be identical to the original concessionaire's), and thus is not enforceable.  11 U.S.C. § 365(f).  See, e.g., In re Rickel Home Ctrs., Inc., 240 B.R. 826, 832 (D. Del. 1999)(lease term which restricted use to home improvement centers was unenforceable as de facto anti-assignment clause); In re Jamesway Corp., 201 B.R. 73, 77 (Bankr. S.D.N.Y. 1996)(lease provision that required debtor to pay landlord a percentage of the profits realized from assignment of leases had the practical effect of restricting, conditioning, or prohibiting debtor's right to assign lease and was therefore unenforceable under § 365); In re Mr. Grocer, Inc., 77 B.R. 349, 352 (Bankr.

D.N.H. 1987)(right of first refusal granted to landlord was unenforceable against debtor seeking to assume and assign lease because provision restricted or conditioned assignment of the lease).

IV. <u>CONCLUSION</u>

For the foregoing reasons, we grant the Debtors' Motions to Reject the Concession Agreements of Alamo and to Assume and Assign the Concession Agreements of National to LARGE at the following airports: Melbourne, Florida; Las Vegas, Nevada; Memphis, Tennessee; and Houston, Texas (the Hobby Airport).

An appropriate order is attached.

BY THE COURT:

*Mary F. Walrath*

Dated: May 31, 2002

Mary F. Walrath
United States Bankruptcy Judge