# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | CHAPTER 11 |
| TK HOLDINGS, INC., *et al.*, | Case No. 17-11375 (BLS) |
|  | (Jointly Administered) |
| Debtors.[1] |  |
|  |  |
| ERIC D. GREEN, *as Trustee of the TAKATA AIRBAG TORT COMPENSATION TRUST FUND* | Adv. No. 20-51004 (BLS) |
| Plaintiff, | (D.I. 5) |
|  |  |
| v. |  |
|  |  |
| MITSUI SUMITOMO INSURANCE CO., LTD., |  |
|  |  |
| Defendant |  |

## MEMORANDUM ORDER
## GRANTING THE PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE[2]

Plaintiff Eric D. Green (the "Trustee"), as trustee for the PSAN PI/WD Trust, d/b/a the Takata Airbag Tort Compensation Trust Fund (the "Trust") filed the Plaintiff's *Ex Parte* Motion for Alternative Service on Defendant Mitsui Sumitomo Insurance Company, Limited Pursuant to Federal Rule of Civil Procedure 4(f)(3) (the "Alternative Service Motion").[3]

---

[1] The Debtors in these chapter 11 cases are Takata Americas, TK Finance, LLC; TK China, LLC; TK Holdings Inc.; Takata Protection Systems Inc.; Interiors in Flight Inc.; TK Mexico Inc.; TK Mexico LLC; TK Holdings de Mexico, S. de R.L. de C.V.; Industrias Irvin de Mexico, S.A. de C.V.; Takata de Mexico S.A. de C.A.; and Strosshe-Mex, S. de R.L. de C.V. (the "Debtors" or "Takata").

[2] This Memorandum Order constitutes the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. This Court has jurisdiction to decide this Motion pursuant to 28 U.S.C. § 157 and §1334(b).

[3] Adv. D.I. 5.

Defendant Mitsui Sumitomo Insurance Company Limited ("MSI") filed an Objection to the Alternative Service Motion.[4] The Trustee filed a Reply[5] and the matter is ripe for decision.[6]

## BACKGROUND

On June 25, 2017 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On February 21, 2018, the Court entered an Order[7] confirming the Fifth Amended Joint Chapter 11 Plan of Reorganization of TK Holdings Inc. and its Affiliated Debtors,[8] which established the Trust. MSI, through United States counsel, participated in the bankruptcy case and appeared at the Confirmation Hearing.[9]

On September 30, 2020, the Trustee filed a motion to enforce the Plan and Confirmation Order.[10] In the Motion to Enforce, the Trustee asked the Court to enforce certain provisions of the Plan and Confirmation Order regarding the Debtors' transfer of insurance rights to the Trust and the Plan's impact on the insurers' obligations to the Trust. MSI filed an objection to the Motion to Enforce.[11] The Trustee filed a reply.[12] After a hearing on October 21, 2020, the Court issued a letter ruling and order denying the Motion to Enforce as procedurally improper under Bankruptcy Rule 7001.[13]

---

[4] Adv. D.I. 7.
[5] Adv. D.I. 9.
[6] Although MSI requested oral argument on the Alternative Service Motion (Adv. D.I. 12), the Court respectfully declines the request as the matter is sufficiently presented for consideration on the papers.
[7] Main Case D.I. 2120 (the "Confirmation Order").
[8] Main Case D.I. 2116 (the "Plan").
[9] *See, e.g.,* Main Case D.I. 1946; D.I. 2111.
[10] Main Case D.I. 4222, entitled "Motion to Enforce the Order Confirming the Debtors' Fifth Amended Joint Chapter 11 Plan of Reorganization and the Confirmed Plan by the Trustee of the Takata Airbag Tort Compensation Trust Fund" (the "Motion to Enforce").
[11] Main Case D.I. 4229.
[12] Main Case D.I. 4231.
[13] Main Case D.I. 4245, 4246.

On November 5, 2020, the Trustee commenced this adversary proceeding against MSI. On November 19, 2020, the Trustee filed the Alternative Service Motion, asking the Court to authorize the Trustee to serve process on MSI by sending a copy of the summons and complaint via regular U.S. mail and email to MSI's United States counsel pursuant to Fed.R.Civ.P. 4(f)(3). MSI objects to the Alternative Service Motion, arguing that the Federal Rules require service upon MSI to be completed through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention").

## DISCUSSION

Federal Rule of Civil Procedure 4, made applicable to adversary proceedings pursuant to Bankruptcy Rule 7004, provides in subsection (h) that service must be made on a foreign corporation "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."[14] Fed.R.Civ.P. 4(f) provides:

(f) **Serving an Individual in a Foreign Country**. Unless federal law provides otherwise, an individual … may be served at a place not within any judicial district of the United States:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:
> (i) delivering a copy of the summons and of the complaint to the individual personally; or

---

[14] Fed.R.Civ.P. 4(h)(2) provides:
> Unless federal law provides otherwise …, a domestic or foreign corporation …, must be served:
> . . . .
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

3

> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.[15]

MSI argues that the Rule's plain language prevents this Court from granting the Alternative Service Motion. Some courts have determined that plain language of Fed.R.Civ.P. 4(h) and 4(f) - - specifically the provision stating that those sections apply to service "at a place not within any judicial district of the United States" - - does not allow service of a foreign corporation through counsel in the United States.[16] However, this Court, like others, disagrees with the foregoing interpretation of the rules, and instead agrees that "the relevant circumstance is where the defendant is, and not the location of the intermediary."[17] "[W]hen a court orders service on a foreign entity through its counsel in the United States, the attorney functions as a mechanism to transmit the service to its intended recipient abroad."[18]

The Trustee seeks to effectuate service upon MSI pursuant to Court order under Rule 4(f)(3). MSI objects to the Court authorizing service through its U.S. counsel, arguing that service under the Hague Convention is mandatory and, further, that the Trustee cannot seek court authorization for service unless the Trustee has unsuccessfully tried to serve MSI under the Hague Convention or otherwise in Japan.

---

[15] Fed.R.Civ.P. 4(f).

[16] *See Freedom Watch, Inc. v. Org. of Petroleum Exporting Countries (OPEC)*, 107 F.Supp.3d 134, 137-39 (D.D.C. 2015) ("[B]ased on a textual reading of subsections (h) and (f)(3) of Rule 4 …service *cannot* occur in the United States" pursuant to Rule 4(f)(3)). *See also Convergen Energy LLC v. Brooks*, 2020 WL 4038353, *7 (S.D.N.Y. Jul. 17, 2020).

[17] *Washington State Inv. Board v. Odebrecht S.A.*, 2018 WL 6253877, *4 (S.D.N.Y. Sept. 21, 2018). *See also Bazarian Int'l Fin. Assoc., L.L.C. v. Desarrollos Aerohotelco, C.A.*, 168 F.Supp.3d 1, 15 (D.D.C. 2016); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 27 F.Supp. 3d 1002, 1009-1010 (N.D. Cal. 2014).

[18] *Freedom Watch, Inc. v. Organization of the Petroleum Exporting Countries (OPEC)*, 766 F.3d 74, 84 (D.C. Cir. 2014).

However, Fed.R.Civ.P. 4(f) and relevant case law inform that it is not mandatory for a plaintiff to serve a foreign corporation under the Hague Convention. The internal law of the forum determines whether there is occasion for service abroad and when "service on a domestic agent is valid and complete under both state law and the Due Process Clause . . . the [Hague] Convention has no further implications."[19] "If alternative means to effectuate service exist, strict compliance with the service requirements under the Hague Convention is not always mandatory."[20]

Moreover, the Trustee is not required to attempt service abroad before seeking alternate service under Rule 4(f)(3).[21] "Rule 4(f)(3) is devoid of express limitations that 'indicate its availability only after attempting service of process by other means.'"[22] "Service pursuant to Rule 4(f)(3) is neither a last resort nor extraordinary relief . . . [i]t is merely one

---

[19] *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699, 707, 108 S.Ct. 2104, 2108, 2112 (1988). *See also In re GLG Life Tech Corp. Securities Litig.*, 287 F.R.D. 262, 266 n. 7 (S.D.N.Y. 2012) ("While *Volkswagenwerk* noted in dictum that 'compliance with the [Hague] Convention is mandatory in all case to which it applies," the Court "held only that the Hague Convention did not apply where service was made on a foreign citizen's agent within the United States. . . . Thus, *Volkswagenwerk* does not hold or even suggest that the Hague Convention must always be complied with before alternative service is ordered.").

[20] *Affinity Labs of Texas, LLC v. Nissan North America Inc.*, Civ. No. WA:13-CV-369, 2014 WL 11342502, *2 (W.D. Tex. July 2, 2014) (citing *Brown v. China Integrated Energy, Inc.,* 285 F.R.D. 560, (C.D. Cal. 2012)).

[21] There is no hierarchy between the authorized methods of service in the subsections of Rule 4(f). *Crockett v. Luitpold Pharmaceuticals, Inc.*, Civ. Act. No. 19-276, 2020 WL 4039046, *2 (E.D.Pa. July 17, 2020) "Each subsection of the rule 'is separated from the one previous merely by the simple conjunction, 'or,' and is not 'subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing." *Id.* (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)).

[22] *Id. (quoting Rio Props.*, 284 F.3d at 1015). *See also GLG Life Tech.*, 287 F.R.D. at 266 ("This Court concurs that there will undoubtedly be many instances where significant efforts to make service under the Hague Convention should be required by a court before alternative service is ordered. But nothing in Rule 4(f) itself or controlling case law suggests that a court must always require a litigant to first exhaust the potential for service under the Hague Convention before granting an order permitting alternative service under Rule 4(f)(3)." (citing Wright & Miller, 4B *Federal Practice & Procedure: Civil 3d* § 1134, at 333 (2002) (The only proscription on the district court's discretion is that the method not be prohibited by international agreement.")).

means among several which enables service of process on an international defendant."[23] "As such, Rule 4(f)(3) is an equally valid method for service as Rule (4)(f)(1)."[24]

"[S]ervice under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text."[25] Despite MSI's objection and its stated preference for service under the Hague Convention, there is nothing before the Court indicating that service on MSI's United States counsel would violate an international agreement.[26] "'[T]he task of determining when the particularities and necessities of a given case require alternative service of process under rule 4(f)(3)' is left 'to the sound discretion of the district court.'"[27]

Of paramount concern to the Court is that any alternative method of service comport with fundamental due process requirements.[28] The Supreme Court has noted that "the Due Process Clause does not require an official transmittal of documents abroad every time there is service on a foreign national."[29] Rather, the "Due Process Clause requires every method of service to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"[30]

---

[23] *Vanderhoef v. China Auto Logistics Inc.*, Civ. Act. No. 2:18-cv-10174, 2019 WL 6337908, *2 (D.N.J. Nov. 26, 2019) (quoting *Knit With v. Knitting Fever, Inc.*, No. 08-4221, 2010 WL 4977944, *3 (E.D.Pa. Dec. 7, 2010) (internal punctuation omitted).

[24] *Crockett*, 2020 WL 4039046, *2 (citations omitted).

[25] *Id.* at *1 (quoting *Rio Props.*, 284 F.3d at 1014).

[26] MSI asserts that the insurance policies expressly require any disputes to be heard in a Japanese court and be resolved pursuant to Japanese law. Nothing in this Memorandum Order decides any issues related to venue or applicable law and the parties may raise these issues and arguments as appropriate within the adversary proceeding.

[27] *Crockett*, 2020 WL 4039046, *1 (quoting *Rio Props.,* 284 F.3d at 1014).

[28] *See Volkswagenwerk*, 486 U.S. at 705 (noting that foreign nationals are not excepted from the protection of the Due Process Clause).

[29] *Id.* at 707.

[30] *Id.* at 707 (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)).

Courts permit a variety of alternative methods of service, including delivery to a defendant's counsel.[31] "A number of courts … have sanctioned service on United States counsel as an alternative means of service under Rule 4(f)(3) without requiring any specific authorization by the defendant for the recipient to accept service on its behalf."[32] "So long as there exists adequate and recent contact between a foreign defendant and their domestic counsel, service on domestic counsel is sufficient to ensure that the defendant will receive notice of the suit."[33]

The facts and circumstances of this case support the Trustee's request for alternative service. MSI's domestic counsel already has appeared before this Court in this bankruptcy case. Moreover, MSI's domestic counsel has appeared recently on behalf of MSI regarding the Motion to Enforce that was the precursor to this adversary proceeding and MSI's objection to the Alternative Service Motion. There is clearly adequate and recent contact between MSI and its counsel, so there is no doubt that service upon MSI through its Delaware counsel comports with the requirements of Due Process.[34]

MSI argues that the Trustee overstates the cost and delay in complying with the Hague Convention. However, "courts have frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3)"[35] and "[c]ourts have also found that avoiding the additional expense of serving a defendant in a foreign

---

[31] *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (noting that court-authorized alternative methods of service include publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex and email). *See also Marks Law Offices, LLC v. Mireskandari*, 704 Fed. App'x 171, 177 (3d Cir. 2017) (citing *Rio Props.*).

[32] *Bazarian*, 168 F.Supp.3d at 15 (citing *Freedom Watch*, 766 F.3d at 83 (citing cases)). *See also Knit With*, 2010 WL 4977944, *4 (citing cases).

[33] *Crockett*, 2020 WL 4039046, *3 (citing *GLG Life Tech.*, 287 F.R.D. at 267).

[34] *See LG Elecs., Inc. v. ASKO Appliances, Inc.*, Civ. Act No. 08-828 (JAP), 2009 WL 1811098, *4 (D. Del. June 23, 2009) (deciding that "the regularity of contact" between the foreign defendant and its attorney "clearly demonstrate that [defendant] is on notice of the contents of the instant complaint.").

[35] *Affinity Labs*, 2014 WL 11342502, *3 (citing cases).

country is a valid justification for granting an alternative method of service."[36] The Trustee asserts that additional costs will reduce the funds available to pay Takata victims. Under the facts and circumstances of this case, it is unnecessary and inefficient to require the Trustee to go through the process of effectuating service upon MSI overseas.[37]

## CONCLUSION

For the foregoing reasons, the Trustee's Alternative Service Motion is GRANTED. The Trustee is authorized to serve process on MSI by sending a copy of the summons and complaint to Evan Miller, Esquire and Michael Aylward, Esquire via electronic and U.S. mail. Such service shall constitute valid service pursuant to Federal Rule of Civil Procedure 4(f)(3) and Federal Rule of Bankruptcy Procedure 7004.

FOR THE COURT:

_____
BRENDAN LINEHAN SHANNON
United States Bankruptcy Judge

Dated: February 23, 2021
        Wilmington, Delaware

---

[36] *Id.* (citing cases).
[37] *Id.* (deciding that "pursuant to Rule 4(f)(3), service upon an attorney is warranted in order to prevent further delays in litigation.")